# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 12-636V
Filed: April 8, 2014
Not for Publication

*************************************
CLARICE NORDIN, Trustee for the         *
Estate of RICHARD NORDIN,               *
                                        *
            Petitioner,                 *
                                        *       Damages decision based on stipulation;
v.                                      *       flu vaccine; Guillain-Barré Syndrome
                                        *
SECRETARY OF HEALTH                     *
AND HUMAN SERVICES,                     *
                                        *
            Respondent.                 *
                                        *
*************************************

Sheila A. Bjorklund, Minneapolis, MN, for petitioner.
Michael P. Milmoe, Washington, DC, for respondent.

**MILLMAN, Special Master**

## DECISION AWARDING DAMAGES[1]

On April 8, 2014, the parties filed the attached stipulation in which they agreed to settle this case and described the settlement terms. Petitioner alleges that her deceased husband, Richard Nordin, suffered Guillain-Barré Syndrome ("GBS") that was caused by his October 7, 2009, receipt of influenza ("flu") vaccine. Petitioner alleges that Richard suffered the first symptom of GBS within approximately two weeks of receiving the flu vaccine. She further alleges that he suffered from GBS until his death from cancer on December 6, 2010. Respondent denies that the

---

[1] Because this unpublished decision contains a reasoned explanation for the special master's action in this case, the special master intends to post this unpublished decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002). Vaccine Rule 18(b) states that all decisions of the special masters will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would constitute a clearly unwarranted invasion of privacy. When such a decision is filed, petitioner has 14 days to identify and move to delete such information prior to the document's disclosure. If the special master, upon review, agrees that the identified material fits within the banned categories listed above, the special master shall delete such material from public access.

flu vaccine caused Richard to suffer GBS or any other injury, and further denies that Richard's death was a sequela of his allegedly vaccine-related GBS.  Nonetheless, the parties agreed to resolve this matter informally.

  The undersigned finds the terms of the stipulation to be reasonable.  The court hereby adopts the parties' said stipulation, attached hereto, and awards compensation in the amount and on the terms set forth therein.  Pursuant to the stipulation, the court awards a lump sum of **$13,500.00**, representing compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a) (2006).  The award shall be in the form of a check for **$13,500.00** made payable to petitioner.

  In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

**IT IS SO ORDERED.**

Dated: <u>April 8, 2014</u>                        s/ Laura D. Millman
                                     Laura D. Millman
                                        Special Master

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| CLARICE NORDIN, Trustee for the Estate of RICHARD NORDIN,<br><br>    Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>    Respondent. | No. 12-636V<br>Special Master Millman<br>ECF |

## STIPULATION

The parties hereby stipulate to the following matters:

1. On behalf of her deceased husband, Richard Nordin ("Richard"), petitioner Clarice Nordin, as Trustee for the Estate of Richard Nordin, filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to 34 (the "Vaccine Program"). The petition seeks compensation for Richard's injury allegedly related to his receipt of an influenza ("flu") vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3 (a).

2. Richard received a flu vaccine on October 7, 2009.[1]

3. The vaccine was administered within the United States.

4. Petitioner alleges that Richard suffered the first symptom of Guillain-Barre Syndrome ("GBS") within approximately two weeks of receiving the flu vaccine on October 7, 2009.

---

[1] Richard also received a monovalent H1N1 vaccination on December 21, 2009, which vaccine is not contained in the Table. The monovalent H1N1 vaccine is covered under the Countermeasures Injury Compensation Program ("CICP") *See* 42 U.S.C. 247d-6e; 77 Fed. Reg. 13329 (March 6, 2012).

Petitioner also alleges that Richard suffered from GBS until his death from cancer on December 6, 2010.

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages on behalf of Richard as a result of his vaccine injury or his death.

6. Respondent denies that Richard suffered any injury as a result of his flu vaccination of October 7, 2009, and further denies that Richard's death was a sequela of his allegedly vaccine-related GBS.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payment:

> A lump sum of $13,500.00 in the form of a check payable to petitioner, representing compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

9. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10. Payment made pursuant to paragraph 8 of this Stipulation and any amounts awarded pursuant to paragraph 9 will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

11. Petitioner represents that she is, or within 90 days of the judgment will become, duly authorized to serve as the legal representative of the Estate Richard Nordin under the laws of the State of Minnesota.

12. In return for the payments described in paragraphs 8 and 9, petitioner, in her individual capacity, and as legal representative of the Estate of Richard Nordin, and on behalf of herself, the Estate of Richard Nordin, and his heirs, executors, administrators, successors, and assigns --

a) does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the United States Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of Richard resulting from, or alleged to have resulted from, the flu vaccination administered on or about October 7, 2009, as alleged by petitioner in a petition for vaccine compensation filed on or about September 26, 2012, in the United States Court of Federal Claims as petition No. 12-636V; and

(b) waives any and all rights to any compensation that may be available under the Countermeasures Injury Compensation Program, 42 U.S.C. § 247d-6e (or an action under 42

U.S.C. § 2476d(d)), for a claim alleging that a covered countermeasure, on its own or in combination with the flu vaccination administered on October 7, 2009, caused the same injuries that were the subject of the petition for vaccine compensation filed on or about September 26, 2012, in the United States Court of Federal Claims as petition No. 12-636V, specifically GBS, for which petitioner will receive compensation pursuant to this stipulation.

13. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the United States Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

14. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 9 above. There is absolutely no agreement on the part of the parties hereto to make any payment or do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages.

15. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the flu vaccine Richard received caused him to suffer GBS or any other injury or his death.

16. All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns, as administrators of Richard's estate.

END OF STIPULATION

Respectfully submitted,

PETITIONER:

*Clarice Nordin*
CLARICE NORDIN

ATTORNEY OF RECORD FOR
PETITIONER:

*Sheila A. Bjorklund*
SHEILA A. BJORKLUND, ESQUIRE
Lommen, Abdo, Cole, King & Stageberg
2000 IDS Center
80 South 8th Street
Minneapolis, MN 55402
(612) 339-8064

AUTHORIZED REPRESENTATIVE OF
THE SECRETARY OF HEALTH AND
HUMAN SERVICES:

*Vito Caserta*
VITO CASERTA, M.D., M.P.H.
Acting Director, Division of
Vaccine Injury Compensation (DVIC)
Director, Countermeasures Injury
Compensation Program (CICP)
Healthcare Systems Bureau
U.S. Department of Health
and Human Services
5600 Fishers Lane
Parklawn Building, Stop 11C-26
Rockville, MD 20857

Dated: April 8, 2014

AUTHORIZED REPRESENTATIVE
OF THE ATTORNEY GENERAL:

*Vincent J. Matanoski*
VINCENT J. MATANOSKI
Deputy Director
Torts Branch
Civil Division
U. S. Department of Justice
P. O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146

ATTORNEY OF RECORD FOR
RESPONDENT:

*Michael P. Milmoe*
MICHAEL P. MILMOE
Senior Trial Counsel
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
(202) 616-4125